IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:08-347-CMC |
| v. | |
| David Scott Browder, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's Motion to Reduce Sentence, filed in this court pursuant to 28 U.S.C. § 2255. ECF No. 323. The Government filed a motion to dismiss or for summary judgment and memorandum in support. ECF No. 237. Defendant filed a reply. ECF No. 238. For the reasons below, the Government's motion is granted and Defendant's Motion pursuant to § 2255 is **dismissed with prejudice**.

**I.**     **Background**

On January 12, 2011, Defendant was charged in a second superseding incitement with one count of possession with intent to distribute and distribution of a mixture containing a detectable amount of cocaine (Count 1); one count of possession of a firearm by a convicted felon (Count 2); one count of possession of a firearm during a drug trafficking crime (Count 3); and failure to appear (Count 4). ECF No. 124.

After a jury trial, Defendant was convicted on Counts 1, 2, and 4, but acquitted on Count 3. ECF No. 145. Defendant was sentenced on May 18, 2011, and Judgment entered on May 19, 2011, sentencing Defendant to a total term of 151 months in prison, consisting of 121 months as to Count 1, 120 months as to Count 2 (concurrent with Count 1), and 30 months consecutive as to Count 4, followed by eight years of supervised release. ECF No. 171.

At sentencing, the court overruled Defendant's objection to the increase in his offense level for possession of a firearm as noted in paragraphs 75 and 81 of the PreSentence Report ("PSR")[1]. ECF No. 186 at 7-9. The court found the firearm enhancement was appropriate, because the firearm was found in a safe Defendant admitted belonged to him and it was "clearly improbable that the weapon was not connected with the offense" since the safe contained lidocaine and there was cocaine on top of the safe. *Id.* at 8-9.

On May 26, 2011, Defendant filed a Notice of Appeal to the Fourth Circuit. ECF No. 175. In an *Anders* brief, defense counsel raised the increase in Defendant's offense level for possession of a firearm in connection with the crime. *United States v. Browder*, No. 11-4577, ECF No. 24 at 48-49. The Fourth Circuit affirmed the conviction and sentence, finding "no error warranting resentencing." No. 11-4577, ECF No. 36 at 5-6. An Amended Judgment was entered May 1, 2014, reducing Defendant's sentence, on the Government's Rule 35(b) motion, to 139 months. ECF No. 211.

Defendant filed the instant motion pursuant to § 2255 on March 22, 2018. ECF No. 230.[2]

---

[1] Paragraph 75 of the PSR is the two level increase in the offense level on Count 1 pursuant to U.S.S.G. § 2D1.1(b)(1) "because a firearm was possessed," and paragraph 81 is the four level increase in the offense level on Count 2 under § 2K2.1(b)(6) "as the defendant possessed a firearm and ammunition in connection with the commission of Possession with Intent to Distribute Cocaine." ECF No. 174 at 23-24.

[2] Defendant's § 2255 motion appears untimely. However, the Government did not raise untimeliness, and AEDPA's statute of limitations is an affirmative defense. *See United States v. McRae*, 793 F.3d 392, 400-01 (4th Cir. 2015).

## II. Discussion

Defendant argues his sentence should be reduced based on the reasoning of *Nelson v. Colorado*, 581 U.S. __, 137 S.Ct. 1249 (2017), which held a Colorado statute unconstitutional because it required a defendant, whose conviction was overturned on appeal, to prove her innocence via collateral review before the costs, fees, and restitution paid during her criminal case would be returned. ECF Nos. 230, 238. Defendant contends this is similar to his case because he should not be penalized for conduct for which he was found not guilty, yet his sentencing guideline calculation was enhanced two points for possession of a firearm during the acts giving rise to Count 1 even though he was acquitted of Count 3, possession of a firearm during a drug trafficking crime. ECF No. 237-1. Based on *Nelson*, he argues "an acquittal or reversal on an appeal restores Defendant's presumption of innocence and to penalize him for conduct for which he is presumed innocent would be a violation of his due process rights under the Constitution." ECF No. 238.

In response, the Government argues the motion is really one for a sentence reduction under 18 U.S.C. § 3582, and Defendant has previously filed such a motion that was denied. ECF No. 237-1. The Government also argues the sentencing court did not err in considering criminal conduct of which Defendant was acquitted as "relevant conduct" for guideline purposes. *Id.* at 6. It notes the Supreme Court's holding in *United States v. Watts*, 519 U.S. 148 (1997) is directly on point and forecloses Defendant's argument. *Id.* In his reply, Defendant argues *Watts* was implicitly overruled by the reasoning in *Nelson*. ECF No. 238.

The court finds *Watts* controlling and not overruled by *Nelson*. In *Watts*, the Supreme Court held a "jury's verdict of acquittal does not prevent the sentencing court from considering

3

conduct underlying the acquitted charge, so long as that conduct has been proved by preponderance of the evidence." 519 U.S. at 157.  That is exactly what has happened in this case.  Defendant was acquitted on Count 3, but the conduct underlying the charge – the possession of the firearm – was used to increase the offense level on Count 1 by two points pursuant to U.S.S.G. § 2D1.1(b)(1) and on Count 2 by four points under § 2K2.1(b)(6).  *Id.* ("[T]he jury acquitted the defendant of using or carrying a firearm during or in relation to the drug offense.  That verdict does not preclude a finding by a preponderance of the evidence that the defendant did, in fact, use or carry such a weapon, much less that he simply *possessed* the weapon in connection with a drug offense.").  Further, there is no explicit or implied overruling of *Watts* in *Nelson*, as *Nelson* considered a completely different factual situation regarding sums paid due to convictions later reversed.

### III.   Conclusion

For the reasons set forth above, the Government's motion to dismiss is granted, and Defendant's § 2255 Motion is **dismissed with prejudice**.


### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 25, 2018

5